# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| CUSTODIO MERAZ, | Case No. EDCV 09-1397 (SH) |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed a Joint Stipulation.

After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

On April 21, 2006, plaintiff Custodio Meraz filed an application for a period of disability and disability insurance benefits, alleging disability beginning March 8, 2006, due to chronic pain in neck, back, and left shoulder, and left leg injury. (Administrative Record ["AR"] 111). On January 22, 2009, an Administrative Law Judge ("ALJ") determined the plaintiff was not disabled within the meaning of the Social Security Act. (AR 8-18).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (AR 1-3), plaintiff filed an action in this Court.

Plaintiff makes six challenges to the ALJ's Decision denying disability benefits. Plaintiff alleges the ALJ erred in (1) failing to discuss lay witness testimony, (2) failing to properly consider the treating physician's physical residual functional capacity assessment, (3) failing to properly assess the weight given to the treating physician's opinion that plaintiff's physical limitations affected his ability to work, (4) failing to properly consider plaintiff's subjective symptoms and make proper credibility findings, (5) failing to properly evaluate medical equivalency at step 3 of the evaluation process, and (6) failing to pose a complete hypothetical question to the Vocational Expert.

For the reasons discussed below, the Court finds that plaintiff's first, third, and fourth claims of error have merit. Since the matter is remanded for further proceeding based on the plaintiff's first, third, and four claims, the Court will not address the second, fifth, or sixth claims of error.

///
///
///
///

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ erred in failing to discuss lay witness testimony in the form of third party function reports completed by plaintiff's daughter, Junia R. Esparza. Defendant argues that any perceived error in the ALJ's failure to discuss the lay witness testimony was harmless error.

Ms. Esparza completed three separate third party function reports, dated July 20, 2006, August 5, 2006, and February 20, 2007. (AR 139, 147, 173). Ms. Esparza's statements in the third party function reports indicate plaintiff cannot sit or stand for long periods of time without feeling severe pain and discomfort. (AR 143, 177, 178). Ms. Esparza's statements also indicate plaintiff can walk the distance of one block, but that he must subsequently rest for 10-30 minutes. (AR 152, 178). Ms. Esparza's statements indicate that, when sitting, plaintiff's pain causes him to change positions every half hour. (AR 152). Ms. Esparza's statements also indicate plaintiff uses a cane prescribed by his doctor when standing and walking. (AR 179).

The ALJ failed to discuss the third party function reports completed by Ms. Esparza. (See AR 8-18). When an ALJ fails to discuss competent lay testimony, "a reviewing court cannot find harmless error unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout v. Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2006).

Ms. Esparza's statements could have led a reasonable ALJ to reach a different disability determination. Here, the ALJ reached the following disability determination: "the claimant has the residual functional capacity to perform light work as defined in CFR 404.1567(b) and is further limited to occasional climbing of ladders, ropes, and scaffolds, and occasional overhead activity with the dominant left upper extremity." (AR 12-13). Ms. Esparza's statements, however, indicate plaintiff has difficulty performing basic mobility functions, such as standing and walking. A reasonable ALJ, when crediting Ms. Esparza's statements, could have reach the conclusion that "climbing of ladders, ropes, and scaffolds" was beyond the plaintiff's abilities.

A reasonable ALJ could have reached a different disability determination. Thus, the ALJ's failure to discuss Ms. Esparza's statements was not harmless error.

**ISSUE NO. 3:**

Plaintiff asserts the ALJ erred in assessing the weight given to treating physician Dr. Schnitzer because the ALJ declined to afford Dr. Schnitzer's opinion substantial weight, without providing specific and legitimate reasons for rejecting his opinion. Defendant argues the ALJ properly afforded Dr. Schnitzer's opinion little evidentiary weight because Dr. Schnitzer's opinion was conclusory and based primarily on plaintiff's subjective complaints, which the ALJ deemed not credible.

The opinions of treating physicians are entitled to special weight. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific, legitimate reasons supported by substantial evidence in the record. Id. at 830-31. Treating physicians' opinions are not afforded more weight if they are conclusory or not supported by medical evidence. Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004).

The treating physician in question, Mark S. Schnitzer, M.D. from the Center For Neurological Surgery, performed an evaluation of plaintiff's disability on April 3, 2006. (AR 336-38). Dr. Schnitzer stated that plaintiff was disabled from work requiring walking, prolonged standing, exertion or lifting due to disk disruptions and chronic pain. (AR 337-38).

The ALJ found Dr. Schnitzer's reports primarily summarized the plaintiff's subjective complaints and diagnoses but did not present objective clinical or laboratory

diagnostic findings that supported Dr. Schnitzer's opinion. (AR 16). The ALJ accordingly afforded Dr. Schnitzer's opinion little evidentiary weight. (Id.).

However, the ALJ's finding that Dr. Schnitzer's opinion was conclusory is inconsistent with the administrative record. The administrative record demonstrates that Dr. Schnitzer's opinion was based on physical examination, studies, and tests. (AR 219). Among other things, Dr. Schnitzer performed a "cutaneous sensory examination," tested plaintiff's "deep tendon reflexes," performed a "straight leg raising" test, and had plaintiff undergo a "lumbosacral spine MRI." (Id.). Dr. Schnitzer's opinions were supported by medical evidence, and therefore were not conclusory.

The ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for not giving Dr. Schnitzer's opinion significant weight. Accordingly, the ALJ erred in not affording Dr. Schnitzer's opinion substantial evidentiary weight.

**ISSUE NO. 4:**

Plaintiff asserts the ALJ failed to show plaintiff was malingering or present clear and convincing reasons for rejecting plaintiff's testimony regarding his subjective symptoms, and therefore erred in finding that plaintiff was not a credible witness. Defendant argues the ALJ properly rejected plaintiff's testimony regarding his symptoms.

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Valentine v. Comm'r, 574 F.3d 685, 693 (9th Cir. 2009).

Here, the ALJ found plaintiff "lacked credibility on several issues and it is therefore highly suggestive that [plaintiff] exaggerated his symptoms, and therefore was not found to be an entirely credible witness." (AR 17). In reaching his conclusion, the ALJ noted physical examinations of the plaintiff were "generally unremarkable," plaintiff had been "exercising diligently on a treadmill," and plaintiff's daily activities indicated

an "active life." (AR 15-17). The ALJ concluded such evidence was inconsistent with complaints of disabling pain. (AR 17). The ALJ also questioned plaintiff's credibility because plaintiff "made attempts to influence an examining physician's opinion on his disability status." (AR 15, citing AR 304 [reflecting that on October 20, 2006, plaintiff told a Kaiser Permanente doctor that he "want[ed] to be 'off work' for disability until March"]).

The ALJ's conclusion that plaintiff's statement to the Kaiser Permanente doctor was an attempt to influence a physician's opinion is speculative. Plaintiff's statement did not constitute "affirmative evidence" of malingering or a "clear and convincing" reason for rejecting plaintiff's testimony. Furthermore, plaintiff's ability to perform light exercise, leave his home, or visit relatives was not necessarily inconsistent with subjective symptoms of pain that could prevent someone from functioning in the workplace. Thus, plaintiff's ability to perform basic physical activities did not support a finding that plaintiff was malingering, or constitute a "clear and convincing" reason for rejecting plaintiff's testimony.

The ALJ failed to show that the plaintiff was malingering, and also failed to provide a "clear and convincing" reason for rejecting plaintiff's testimony. Accordingly, the ALJ erred in finding plaintiff's testimony was not credible.

## ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: <u>January 31, 2011</u>

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE